IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MATHEW CAPRARIO                                                                    PLAINTIFF

v.                                          Case No. 3:13-CV-03106

SODEXO, INC.                                                                       DEFENDANT

## OPINION AND ORDER

Before the Court are Defendant Sodexo, Inc.'s ("Sodexo") motion to dismiss (Doc. 13)
and brief in support (Doc. 14), Plaintiff Mathew Caprario's response (Doc. 16), and Sodexo's
reply (Doc. 17).[1]   For the reasons explained below, the motion to dismiss is GRANTED IN
PART and DENIED IN PART.

## I.      Background

For purposes of the motion to dismiss, the Court takes Caprario's alleged facts as true.
Caprario is a former employee of Sodexo.  Sodexo offers to its employees various employee
benefit plans, and is the administrator for these plans.  During his employment with Sodexo,
Caprario participated in several of the employee benefit plans, including the Long Term
Disability Plan, Group Life Insurance Plan, Survivor Income Protection Plan, Accidental Death
and Dismemberment Plan, Free Basic Life Plan, and Group Health Insurance Plan.  While
working for Sodexo, Caprario became totally disabled, and though he remained classified as an
employee and continued to participate in the employee benefit plans, he never returned to active
employment.  Between the time Caprario left active employment and the time he turned 65, and
despite his continued right to participation in the employee benefit plans, Sodexo terminated

---

[1] The Court has considered Defendant's reply even though it was filed without leave of
the Court. *See* Local Rule 7.2(b) (indicating that the only reply that may be filed as a matter of
course is a reply to a response to a motion for summary judgment).

Caprario's participation in the plans a number of times, only to reinstate him when Caprario challenged the cancellations.  Sodexo also misclassified Caprario as an active employee after he left active employment, which resulted in increased costs of Caprario's healthcare benefits. When Caprario turned 65 years old on March 3, 2010, Sodexo terminated Caprario's participation in the Survivor Income Protection Plan and Group Life Insurance Plan.  Sodexo also terminated Caprario's participation in the Long Term Disability Plan, despite the terms of that plan extending coverage until the age of 70.

On May 20, 2011, Caprario sent a request to Sodexo for the summary plan descriptions ("SPDs") of Sodexo's employee benefit plans.  On June 10, 2011, Sodexo produced SPDs for some, but not all, of the employee benefit plans in which Caprario had participated.  In particular, Sodexo did not provide SPDs for the Accidental Death and Dismemberment Plan, Group Term Life Insurance Plan, and Survivor Income Plan.  Within 30 days of the May 20 request, Sodexo sent Caprario notice that his employment status was terminated.  At some point, Caprario retained legal counsel.  On October 11, 2011, and again on January 6, 2012, Caprario's counsel requested the governing documents for the employee benefit plans for which Sodexo had not produced SPDs, as well as for the Basic Life Insurance Plan.[2]  Sodexo provided plan documents and SPDs for those employee benefit plans on February 9, 2012.  After Caprario's counsel requested the documents, Sodexo sent a second notice to Caprario that his employment status was terminated.

Caprario filed the instant action on November 14, 2013.  Caprario is suing under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to recover benefits under the terms of Sodexo's employee benefit plans, to enjoin Sodexo from

_____

[2] It is unclear why Caprario's counsel requested documents for this plan, as it was produced to Plaintiff on June 10, 2011.

violating the plans further, and for retaliation against him for exercising rights to which he is entitled. Caprario also seeks statutory damages to remedy Sodexo's refusal to supply requested information. Finally, Caprario asserts a claim of outrage under Arkansas state law. Sodexo moved to dismiss Caprario's complaint on the grounds that exhaustion of administrative remedies under the employee benefits plans is a requirement in denial of benefits cases and Caprario has not exhausted his remedies. Sodexo also moves for dismissal of the state law claim, arguing that it is preempted by ERISA.

## II.      Legal Standard

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quotation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). This includes pleading sufficient factual matter to show that prerequisite conditions of suit have been satisfied. *Id*. at 686-87. The alleged facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id*. A court is not required to "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

## III.     Discussion

In moving to dismiss the complaint, Sodexo argues that Caprario failed to exhaust his administrative remedies under the employee benefit plans before filing suit and that Caprario's

state tort claim is preempted by ERISA.  Caprario responds that exhaustion is an affirmative defense not considered on a motion to dismiss, and, at any rate, he pleaded exhaustion in his complaint or exhaustion was otherwise not required.  Caprario also contends that his state tort claim is not preempted because it does not relate to an employee benefit plan.  The Court will address each argument in turn.

### A.      The ERISA Claims

In the complaint, Caprario alleges that Sodexo failed to timely produce SPDs for its employee benefit plans in response to Caprario's requests and denied or terminated benefits due to him.  Caprario further alleges that these actions are contrary to the contractual terms of the employee benefit plans and are actionable under ERISA.[3]  Sodexo argues in its motion to dismiss that Caprario's complaint does not allege facts sufficient for the Court to infer that Caprario has exhausted his administrative remedies under the employee benefit plans.  Caprario responds that the exhaustion doctrine is an affirmative defense rather than a matter of jurisdiction, that there is no evidence that the employee benefit plans required exhaustion, and that he "need only craft his complaint in a way to put the burden on Sodexo to prove its affirmative defense through summary judgment or at trial" in order to survive dismissal.  (Doc. 16, at 3).

Federal courts apply a judicially-created exhaustion requirement to any action "challenging the denial of benefits under a plan governed by ERISA."  *Reindl v. Hartford Life and Accident Ins. Co.*, 705 F.3d 784, 787 (8th Cir. 2013).  The exhaustion requirement allows plan administrators to correct their own errors, promotes consistent treatment of claims, provides a nonadversarial resolution process, decreases claim resolution costs and time, creates a fact record to assist the court should judicial review become necessary, and cuts down on frivolous

---

[3] In particular, Plaintiff claims that his ERISA causes of action arise under 29 U.S.C. §§ 1132(a)(1)(B), (a)(3), (c)(1)(B), and 1140.

claims.  *Galman v. Prudential Ins. Co. of Am.*, 254 F.3d 768, 770 (8th Cir. 2001).  "ERISA

provides that every plan must provide a benefits appeal procedure.  *See* 29 U.S.C. § 1133(2).  In

this circuit, benefit claimants must exhaust this procedure before bringing claims for wrongful

denial to court."  *Id*.  Satisfying the exhaustion requirement is a prerequisite condition of suit.

*See Reindl*, 705 F.3d at 787 ("[A] timely administrative appeal is a prerequisite to filing an action

in federal court challenging the denial of benefits under a plan governed by ERISA."); *Angevine*

*v. Anheuser-Busch Cos. Pension Plan*, 646 F.3d 1034, 1037 (8th Cir. 2011) ("Before filing in

federal court . . . a claimant must exhaust the administrative remedies required under the

particular ERISA plan."); *Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079, 1084 (8th Cir.

2009) ("[F]ederal courts have universally construed § 1133 [of ERISA] to require exhaustion

[prior to bringing suit].").  Exhaustion is excused "only when pursuing an administrative remedy

would be futile or there is no administrative remedy to pursue."  *Angevine*, 646 F.3d at 1037.

A complaint must contain sufficient factual allegations for the Court to be able to infer

that conditions precedent to suit are satisfied, and conclusory statements will not do.  Caprario

states in his complaint that:

> 35.    Caprario has satisfied all administrative remedies for
> bringing these claims against Sodexo.
> 36.    Alternatively, Caprario contends that such administrative
> remedies are futile and exhaustion is not required.
> 37.    In the second alternative, Caprario contends that Sodexo
> waived its right to seek exhaustion of administrative remedies.
> 38.    In the third alternative, Caprario contends that exhausting
> such administrative remedies is an impossibility.

(Doc. 1, ¶¶ 35-38).   The exhaustion allegations in Caprario's complaint are bare legal

conclusions unsupported by any factual allegations, and the Court is not required to blindly

accept them.  *Westcott*, 901 F.2d at 1488.  The complaint alleges no facts from which the Court

can infer that the employee benefit plans do not provide Caprario with the legally-mandated

benefits appeal procedure, nor has Caprario pleaded any facts describing how he exhausted his remedies under the employee benefit plans.  Finally, Caprario has not pleaded any facts from which the Court can infer that exhaustion of plan remedies would be futile.  Because the Court cannot infer that Caprario has satisfied this prerequisite condition of suit, or is excused from doing so, the Court cannot reach a decision on the merits, and no relief can be granted. Accordingly, Sodexo's motion to dismiss Counts II-IV of Caprario's complaint will be granted.

Unlike those counts, Caprario's claim for statutory damages in Count I of his complaint does not arise from a denial of benefits.  The statutory damages allowed by 29 U.S.C. § 1132(c)(1)(B) do not exist to remedy a denial of benefits, but "to provide plan administrators with an incentive to comply with the requirements of ERISA."  *Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1040 (8th Cir. 2006).  Section 1024(b)(4) entitles participants or beneficiaries to receive the latest updated SPDs on written request to the plan administrator.  Section 1132(c)(1)(B) allows a court to assess statutory damages to an administrator for failure to do so.

To survive the instant motion to dismiss, Count I of Caprario's complaint need only be supported by sufficient facts from which the Court can infer that Caprario made a permissible request for disclosure of information from the plan administrator and the plan administrator did not timely make the disclosure.  Caprario alleges that Sodexo is the plan administrator for the employee benefit plans in which he participated, that on May 20, 2011, Caprario properly mailed a request to Sodexo for SPDs, that a second and third request were mailed for specific SPDs not produced in response to the first request on October 11, 2011, and that copies of the requested information were finally provided on February 9, 2012.  The time between the alleged date of first request and the alleged date of production for the last of the SPDs is well past the 30-day statutory limit.  Caprario has pleaded facts sufficient to state a claim for the statutory damages

allowed under 29 U.S.C. § 1132(c)(1)(B).  Accordingly, Sodexo's motion to dismiss Count 1 of Caprario's complaint will be denied.

### B.      The State Tort Claim and ERISA Preemption

Caprario alleges that Sodexo committed the tort of outrage by denying various benefits, plan participation, and requested SPDs to Caprario, and by sending Caprario letters that communicated that Caprario's employment status was terminated.  Sodexo argues that this claim is preempted under 29 U.S.C. § 1144(a).  Caprario counters that his outrage claim is not a claim for benefits and so does not relate to the benefit plans.

Sodexo's preemption argument is specific to ERISA plans.  ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 894 (8th Cir. 2005) (quoting 29 U.S.C. §1144(a)).  This preemption clause is drafted "in broad terms."  *Kuhl v. Lincoln Nat'l Health Plan of Kan. City, Inc.*, 999 F.2d 298, 301 (8th Cir. 1993).  A state law "relates to" a benefit plan when it "has a connection with or reference to such a plan" even if its effect is incidental.  *Id.* at 302.  To determine whether a law has a connection with an employee benefit plan, the Court can consider:

> [1] whether the state law negates an ERISA plan provision, [2] whether the state law affects relations between primary ERISA entities, [3] whether the state law impacts the structure of ERISA plans, [4] whether the state law impacts the administration of ERISA plans, [5] whether the state law has an economic impact on ERISA plans, [6] whether preemption of the state law is consistent with other ERISA provisions, and [7] whether the state law is an exercise of traditional state power. *Wilson v. Zoellner*, 114 F.3d 713, 717 (8th Cir. 1997) (brackets in original).

The Arkansas tort of outrage is "also known as the intentional infliction of emotional distress."  *Deitsch v. Tillery*, 309 Ark. 401, 407 (Ark. 1992).  A state's intentional infliction of

emotional distress tort is preempted when it seeks liability for actions taken in administering an ERISA plan.  *See, e.g.*, *Kuhl*, 999 F.2d at 303 ("[A]ny state law claim that [Plaintiff] may have had . . . arose from [Defendant's] denial of benefits under the Belger Plan. . . . Accordingly, the [Plaintiff's] state law claims . . . 'relate to' the Belger plan and are preempted by ERISA.").  Caprario's outrage claim is a claim for damages for the emotional distress Caprario suffered as a result of actions Sodexo took in administering its employee benefit plans.   In particular, Caprario's emotional distress was caused by Sodexo's delay in responding to Caprario's requests for information, decisions to deny or terminate benefits, and decision to notify Caprario that it considered his employment status terminated.  Holding Sodexo liable for outrage for its actions in administering the plans would impact the administration of ERISA plans and the relations between primary ERISA entities.  On the alleged facts, Caprario's outrage claim is preempted, and the Court cannot grant him the relief he requests.  Accordingly, Sodexo's motion to dismiss Count V of the complaint will be granted.

## V.      Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that Sodexo's motion to dismiss for failure to state a claim (Doc. 13) is GRANTED IN PART and DENIED IN PART.

The motion is GRANTED IN PART insofar as Counts II, III, IV, and V of the complaint are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the motion is DENIED IN PART insofar as Count I remains pending against Sodexo.

IT IS SO ORDERED this 13th day of June, 2014.

*/s/ P. K. Holmes, III*

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE